**COMMONWEALTH EDISON COMPANY et al., Plaintiffs,**

v.

**ALLIS-CHALMERS MANUFACTURING COMPANY et al., Defendants.**

**Civ. A. No. 61C 1277 and related cases.**

United States District Court
N. D. Illinois, E. D.
Dec. 11, 1963.

See also D.C., 32 F.R.D. 473.

Isham, Lincoln & Beale, Chicago, Ill., for plaintiff Commonwealth Edison Co.

Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for defendant Westinghouse Electric Corp.

Stiefel, Greenberg, Burns & Baldridge, Chicago, Ill., for defendant Allis-Chalmers Mfg. Co.

Snyder, Chadwell, Keck, Kayser & Ruggles, Chicago, Ill., for defendant General Electric Co.

ROBSON, District Judge.

Plaintiffs, Commonwealth Edison Company and Commonwealth Edison Company of Indiana, Inc., have moved the Court to approve an agreement with Westinghouse Electric Corporation which will provide for the disposition of plaintiffs' claims against it on the basis of downward adjustments in the purchase price paid by plaintiffs in transactions in suit.

Counsel for the plaintiffs has indicated that the aggregate amount of the price adjustments offered is $5,000,000 and that it is being treated as a lump-sum adjustment of the claims. Of that amount $3,894,000 is payable to Commonwealth Edison Company and $1,106,000 is payable to Commonwealth Edison Company of Indiana, Inc. The adjustment relates to aggregate purchases of approximately $50,000,000 and is allocated between the two companies on the basis of their respective purchases in the period 1956 through 1959.

The defendant has adopted a price adjustment program in an attempt to dispose of a substantial part of this unprecedented mass of litigation prior to trial of the issues on the merits. In connection with the present motion, defendant has represented that the price adjustments are on the same basis as those currently being offered by such defendant to other utility claimants whose claims involve the same classes of products. Application of the price adjustment program of the defendant to sales to its several customers would produce differences in aggregate dollar amounts

depending not only upon the volume of sales involved, but also upon the mixture of products purchased and the price paid by each customer.

The Court is aware that there are differences in the price adjustment programs of the several defendants, reflecting to some extent differences in their respective positions such as marketing practices and finances.

The actions in which the motion is made involve claims based upon thousands of transactions with respect to many different types of electrical equipment. Pre-trial proceedings have already taken many months, and completion of preparation for trial and litigation to final judgment could take many more months, involving a very substantial cost to all parties and the expenditure of a vast amount of the time of their executive and engineering personnel that could be devoted to more constructive activities. Moreover, because of the inter-dependence of plaintiffs and defendants in the domestic market for electrical equipment for use by utilities, the continuance of this litigation poses a threat to the health and well-being of an essential member of an essential industry.

While discovery proceedings have thus far dealt with only a part of the issues in these actions, it is apparent that they involve highly complex and difficult questions, that the ultimate outcome is uncertain and that no plaintiff or defendant has any assurance of a judgment in its favor, much less any assurance as to the amount of any recovery that might be obtained.

The parties have made a full disclosure and the Court has been fully informed in detail of all relevant facts required to evaluate the price adjustment. Although the Court has examined various studies pertaining to the claims of damage and realizes that there are studies showing claims of damages in amounts which are higher than the price adjustment, the Court, after reviewing all facts, is of the opinion that the price adjustment is fair and reasonable to the parties and to their stockholders and the consumers of plaintiff.

Accordingly, the Court approves the proposed disposition of these claims, and, upon the presentation of an appropriate motion to dismiss, the Court will enter an order dismissing Westinghouse Electric Corporation.